**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JUANREN WU,

                Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

                Defendant.

## <u>COMPLAINT</u>

Plaintiff Juanren Wu ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations Identified on the Schedule A hereto (hereinafter "Defendant") and alleges as follows:

### I.      JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over Plaintiff's claim pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

2. This Court has personal jurisdiction over Defendant, as Defendant structures their business activities to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the alias identified on Schedule A attached hereto.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since Defendant directly targets consumers in the United States, including Illinois, through the fully interactive, e-commerce stores operating under the alias identified on Schedule A attached hereto (hereinafter, the "Seller Alias"). Specifically, Defendant has targeted sales to Illinois residents by setting up

and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accepts payments in U.S. dollars, and, on information and belief, has sold, and continues to sell products that infringe on Plaintiff's Patent (hereinafter, "Unauthorized Products") to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois.

## II. INTRODUCTION

4. Plaintiff filed this case to combat the online infringement by Defendant, who trades upon Plaintiff's valuable patent by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use the Unauthorized Products. Defendant creates e-commerce stores operating under at least the Seller Alias that is making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use the Unauthorized Products to unknowing consumers. Defendant takes advantage of a set of circumstances including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders to violate Plaintiff's intellectual property rights with impunity. Defendant attempts to avoid liability by operating under at least the Seller Alias to conceal their identity, location, and the full scope and inner workings of their operation. Plaintiff is forced to file this action to combat Defendant's infringement of its registered patent, as well as to protect consumers from purchasing Unauthorized Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through the infringement of its patent and therefore seeks injunctive and monetary relief.

## III. THE PARTIES

5. Plaintiff, Juanren Wu, is an individual inventor with a passion for creating diamond paintings.

6. Plaintiff is the lawful inventor and patentee of the federally registered design patent, No. US-D1,049,230-S (hereinafter, the "Paint Pen Patent"). The Paint Pen Patent was lawfully

issued on October 29, 2024, and has an effective filing date of October 6, 2021. Attached hereto as **Exhibit 1** is a true and correct copy of the United States Patent for the Diamond Paint Pen design.

7.     Plaintiff's patented design is known throughout the diamond painting community, and thousands of products utilizing Plaintiff's Paint Pen Patented design (hereinafter, "Plaintiff Products") have been sold in the United States.

8.     Plaintiff Products have become enormously popular, driven by Plaintiff's quality standards and innovative design. Among the purchasing public, genuine Plaintiff Products are instantly recognizable as such. Plaintiff's Products symbolize high quality and are among the most recognizable diamond paint pen products.

9.     Plaintiff Products are known for their distinctive patented design. The design is broadly recognized by consumers. Diamond paint pens fashioned after these designs are associated with the quality and innovation that the public has come to expect from Plaintiff Products. Plaintiff uses the design claimed in the Paint Pen Patent in connection with its Plaintiff Products. Plaintiff Products, including those which embody the design claimed in the Paint Pen Patent, are marked in compliance with 35 U.S.C. § 287(a). The design claimed in the Paint Pen Patent is shown in the table below:

| Patent Number | Claim | Issue Date |
|---|---|---|
| US-D1,049,230-S | | October 29, 2024 |



10. Defendant is an individual or business entity of unknown makeup who owns and/or operates at least the e-commerce store under at least the Seller Alias identified on Schedule A and/or other seller aliases not yet known to Plaintiff.

11. Plaintiff is currently unaware of the identity and/or location of the Defendant. However, on information and belief, Defendant is an individual or business entity who resides in China or another foreign jurisdiction. Defendant conducts business throughout the United States, including within Illinois and in this Judicial District, through the operation of the online marketplace operating under the Seller Alias.

12. Defendant targets the United States, including Illinois, and has offered to sell and/or has sold and/or continues to sell Unauthorized Products to consumers within the United States, including Illinois and in this Judicial District.

13. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully made, used, offered for sale, sold, and/or imported into the United States for subsequent sale or use the Unauthorized Products.

14. Defendant's online store offers shipping and has shipped Unauthorized Products to the United States, including Illinois.

15. On information and belief, Defendant, operates one or more e-commerce stores, including, and possibly not limited to, those listed in the Schedule A attached hereto. Tactics used by Defendant to conceal their identity and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendant's true identity and the exact inner workings of their network. If Defendant provides additional credible information regarding their identity, Plaintiff will take appropriate steps to amend the Complaint.

### IV.    DEFENDANT'S UNLAWFUL CONDUCT

16. The success of products utilizing the Paint Pen Patent design has resulted in significant infringement of the Paint Pen Patent. As a result, Plaintiff has implemented a brand protection program by investigating suspicious websites and online marketplace listings identified in Internet sweeps. In recent years, Plaintiff has identified numerous fully interactive, e-commerce stores, including those operating under the Seller Alias, which were offering for sale and/or selling Unauthorized Products on online marketplace platforms such as Amazon, including the e-commerce store operating under the Seller Alias. The Seller Alias targets consumers in this Judicial District and throughout the United States. According to a U.S. Customs and Border Protection ("CBP") Report, in 2024, CBP made over 32 million seizures of goods with intellectual property rights ("IPR") violations, totaling over $5.42 billion, an increase of 95% from 2023. *See* **Exhibit 2**, *Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*, U.S. Customs and Border Protection. "The vast majority of IPR seizures continue to take place within the express consignment and mail shipping methods." *Id*. Over 90% of all CBP intellectual property seizures originated from mainland China and Hong Kong. *Id*.

17.     Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using at least the Seller Alias, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, has sold Unauthorized Products to residents of Illinois.

18.     Third party service providers like those used by Defendant do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." *See* **Exhibit 3**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020). Further, infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by establishing multiple virtual storefronts. *See* **Exhibit 4**, report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020). Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. *Id*. at p. 39. Further, "[e]-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of [infringing products] and [infringers]." Chow, at 186-187.

19.     E-commerce store operators, like Defendant, commonly engage in fraudulent conduct when registering their seller aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

20.     E-commerce store operators, like Defendant, regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators, like Defendant, to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

21.     Infringers, such as Defendant, typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators, like Defendant, maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff.

22.     On information and belief, Defendant has engaged in fraudulent conduct when registering the Defendant Internet Store by providing false, misleading and/or incomplete information to Internet based e-commerce platforms. On information and belief, Defendant has anonymously registered and maintained the Defendant Internet Store to prevent discovery of their true identities and the scope of their infringement network.

23.     On information and belief, Defendant regularly registers or acquires new seller aliases for the purpose of offering for sale and selling the Infringing Products. Such seller alias registration patterns are one of many common tactics used by the Defendant to conceal their identity and the full scope and inner workings of their infringement operation, and to avoid being shut down.

24.     Infringers, such as Defendant, typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendant maintains offshore bank accounts and regularly moves funds

from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based financial accounts to offshore accounts outside the jurisdiction of this Court.

25. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the Paint Pen Patent. The e-commerce store operating under the Seller Alias offers shipping to the United States, including Illinois, and, on information and belief, Defendant has sold and shipped Unauthorized Products into the United States and Illinois over the Internet.

26. Defendant's infringement of the Paint Pen Patent in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Unauthorized Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Unauthorized Products into Illinois, is irreparably harming Plaintiff.

**COUNT I**
**DESIGN PATENT INFRINGEMENT**
**35 U.S.C. § 271**

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1-26 as if fully set forth herein.

28. Plaintiff is the lawful patentee of the Paint Pen Patent.

29. Defendant is making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Unauthorized Products that infringe directly and/or through the doctrine of equivalents the ornamental design claimed in the Paint Pen Patent.

30.     Defendant has infringed the Paint Pen Patent through the aforementioned acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention.

31.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

32.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1) That Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

   a)  making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Unauthorized Products;

   b)  aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and or importing into the United States for subsequent sale or use the Unauthorized Products; and

   c)  effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) For Judgment in favor of Plaintiff against Defendant that they have willfully infringed Plaintiff's rights in its Paint Pen Patent, pursuant to 35 U.S.C. § 271.

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for Defendant's infringement of the Paint Pen Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interests and costs, pursuant to 35 U.S.C. § 284.

4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the Paint Pen Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284.

5) In the alternative, that Plaintiff be awarded all profits realized by Defendant from Defendant's infringement of the Paint Pen Patent, pursuant to 35 U.S.C. § 289.

6) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

Respectfully submitted this 18th day of June, 2026.

*/s/ William J. Hausman*
Bar No. 6353083
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 (212) 500-3268
Email:whausman@fordbanister.com
*Counsel for Plaintiff*